# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF C5 CAPITAL LIMITED AND ANDRÉ PIENAAR FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVING TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | Civil Action No. 24-mc-00045-LKG<br><br>Dated: December 2, 2024 |

## MEMORANDUM OPINION AND ORDER

This civil action involved two subpoenas (the "Subpoenas") issued by C5 Capital Limited and André Pienaar (the "Applicants") to RosettiStarr, LLC (the "Respondent"), pursuant to 28 U.S.C. § 1782. ECF No. 14. After the Respondent moved to quash the Subpoenas, the Court issued a memorandum opinion and order granting-in-part the Respondent's motion (the "September 5, 2024, Decision"). ECF No. 21. The Respondent has moved for reconsideration of the September 5, 2024, Decision, pursuant to Fed. R. Civ. P. 59(e). ECF No. 23. This motion is fully briefed. ECF Nos. 23, 24, 25. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Respondent's motion for reconsideration.

### Factual Background

This civil action involved two subpoenas issued by the Applicants to the Respondent, pursuant to 28 U.S.C. § 1782. ECF No. 14. Relevant to the pending motion for reconsideration, the Applicants seek to obtain certain discovery from the Respondent that they believe will show either that a former employee of C5 Capital Limited, Daniel Freeman, made false and defamatory statements about the Applicants to the Respondent, or reveal the identity of the person who made these statements. ECF No. 1-4 at 7. In this regard, the Applicants allege that Mr. Freeman misused the confidential business information of C5 Capital Limited and that the Respondent created and helped circulate a PowerPoint presentation, and a summary of interview notes, that contain false and defamatory statements about C5 Capital Limited. *Id*. at 6.

The Applicants represent to the Court that they "intend to shortly initiate litigation" against Mr. Freeman. *Id*. at 7. And so, on April 4, 2024, the Court issued an Order permitting the Applicants to issue the Subpoenas to the Respondent. ECF No. 13.

After the Respondents moved to quash the Subpoenas, the Court issued a memorandum opinion and order on September 5, 2024, that granted-in-part the Respondent's motion. ECF No. 21. In the September 5, 2024, Decision, the Court held that: (1) the Applicants had shown that the discovery sought is for use in a reasonably contemplated, non-speculative foreign proceeding, as required by 28 U.S.C. § 1782; but (2) the Subpoenas were overly broad to the extent that they sought documents and testimony covering a period of almost a decade. *Id*. at 6. In this regard, the Court held that the Applicants satisfied the requirements of Section 1782, because the Applicants: (1) stated that they intend to file a lawsuit against Mr. Freeman in the United Kingdom and to assert claims against him for breach of contract; (2) stated that they have retained a solicitor and solicitor advocate of the courts of England and Wales to assist with this litigation; and (3) provided the Court with a substantive outline of the factual bases and legal theories that will underpin their case against Mr. Freeman. *Id*. at 7.

Relevant to the pending motion, in a footnote contained in the September 5, 2024, Decision, the Court stated that: "The Applicants assert that a review of the . . . metadata [of the PowerPoint presentation that allegedly contains false and defamatory statements about C5 Capital Limited] by their lawyers shows that the presentation was created by the Respondent." *Id*. at 2 n.2. But the Applicants had previously acknowledged that the Respondent "is not named in the [PowerPoint] Presentation's metadata."[1] ECF No. 20 at 1. And so, the parties agree that the statement that links the Respondents to the PowerPoint presentation *via* metadata in the Court's September 5, 2024, Decision is incorrect. ECF No. 23-1 at 3; ECF No. 24 at 3.

Lastly, the Court held in the September 5, 2024, Decision, that the relevant time period for the Applicants' claims appears to be between May 2021, and September 2022. ECF No. 21

---

[1] On August 5, 2024, the Applicants filed a notice regarding related case regarding the deposition of Philip O'Beirne, an attorney with the law firm Stein Mitchell Beato & Missner, LLP. ECF No. 17; *see* ECF No. 20 at 6-17. On August 13, 2024, the Respondent filed a response to this notice and provided excerpts from Mr. O'Beirne's deposition to show that metadata did not link the Respondent to the PowerPoint presentation. ECF No. 19. On August 14, 2024, the Applicants filed a reply in which they acknowledge that the Respondent "is not named in the [PowerPoint] Presentation's metadata." ECF No. 20 at 1.

at 9.  Given this, the Court limited the scope of the Subpoenas to the time period between May 17, 2021, and May 17, 2023.  *Id*. at 8-9.  And so, the Court granted-in-part the Respondent's motion to quash.  *Id*. at 9.

On September 19, 2024, the Respondent moved for reconsideration of the Court's September 5, 2024, Decision.  ECF No. 23.

## Legal Standards

### A. Rule 59(e)

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *See* Fed. R. Civ. P. 59.  Pursuant to Rule 59(e), a party may move to alter or amend the Court's judgment within 28 days of entry.  Fed. R. Civ. P. 59(e).  But a judgment may be amended under Rule 59(e) in only three circumstances, namely: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

## Analysis

The Respondent seeks reconsideration of the Court's September 5, 2024, Decision upon the ground that "[t]he Court's reliance on undisputedly incorrect information that is central to the heart of the [application for the Subpoenas] renders reconsideration appropriate in this case." ECF No. 23-1 at 4.  Specifically, the Respondent argues that reconsideration is warranted, because the September 5, 2024, Decision "rests on the incorrect premise that there is some factual link between RosettiStarr and the alleged defamatory materials underlying the [application for the Subpoenas]."  *Id*. at 3.  And so, the Respondent requests that the Court reconsider the September 5, 2024, Decision and grant its motion to quash in full.  *Id*. at 4.

For the reasons set forth below, the Court DENIES the Respondent's motion for reconsideration.

The Respondent has not met its burden to show that reconsideration of the Court's September 5, 2024, Decision is warranted.  A judgment may be amended pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence

3

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).  In this regard, the Fourth Circuit has held that the Court may grant relief under Rule 59(e) to correct manifest errors of fact upon which the judgment is based. *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996).

In this case, the Respondent seeks reconsideration of the September 5, 2024, Decision, because the Court incorrectly stated in a footnote in that decision that "[t]he Applicants assert that a review of the . . . metadata [of the PowerPoint presentation that allegedly contains false and defamatory statements about C5 Capital Limited] by their lawyers shows that the presentation was created by the Respondent." ECF No. 23-1 at 3.  The parties agree that the statement that metadata links the Respondent to the PowerPoint is not correct. *Id*.; ECF No. 24 at 3.  But, the Court's error in this regard was harmless and does not merit reconsideration of the September 5, 2024, Decision for several reasons.

First, a careful reading of the September 5, 2024, Decision makes clear that the Court's single reference to metadata linking the Respondent to the PowerPoint presentation at issue in this case did not impact the Court's reasoning in granting-in-part the Respondent's motion to quash. *See* ECF No. 21 at 7 (holding that the Applicants satisfied the requirements of Section 1782, because the Applicants: (1) stated that they intend to file a lawsuit against Mr. Freeman in the United Kingdom and to assert claims against him for breach of contract; (2) stated that they have retained a solicitor and solicitor advocate of the courts of England and Wales to assist with this litigation; and (3) provided the Court with a substantive outline of the factual bases and legal theories that will underpin their case against Mr. Freeman.).  Rather, the Court held in the September 5, 2024 Decision, that quashing the Subpoenas was not warranted, because the Applicants have shown that the discovery sought in this case is for use in a reasonably contemplated, non-speculative foreign proceeding, as required by 28 U.S.C. § 1782. *Id*. at 7-8.  And so, the Court permitted the Applicants to conduct the discovery that they seek from the Respondent. *Id*. at 9.

Second, the Court observes that there is a dispute in this case about whether there is other evidence that connects the Respondent to the PowerPoint presentation, or to the other alleged defamatory statements about the Applicants at issue in this case.  ECF No. 24 at 3-4; ECF No. 25 at 1-2.  Given this, the Respondent's argument that the Court should quash the Subpoenas,

because "the Applicants have no evidence connecting [the Respondent] to the alleged defamatory materials" at issue in this case, is both unpersuasive and an argument that the Court has previously considered and rejected. ECF No. 25 at 2; *see* ECF No. 21 at 6-8.

For these reasons, the Respondent has not raised a proper ground for reconsideration under Rule 59(e) in its motion for reconsideration. *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted) (holding that a judgment may be amended pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice). And so, the Court DENIES the Respondent's motion for reconsideration.

## Conclusion

For the foregoing reasons, the Court **DENIES** the Respondent's motion for reconsideration (ECF No. 23).

   IT IS SO ORDERED.


                                        s/ Lydia Kay Griggsby
                                        LYDIA KAY GRIGGSBY
                                        United States District Judge

5